NUMBER 13-02-485-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
FIRST NATIONAL BANK OF EDINBURG,                                  Appellant,
v.
CAMERON COUNTY, TEXAS,                                                      Appellee.



On appeal from the 404th District Court
of Cameron County, Texas.




 O P I N I O N

Before Justices Rodriguez, Castillo, and Wittig




                                     Opinion by Justice Wittig
 
          This is a summary judgment case emanating from First National Bank of Edinburg’s
former depositor relationship with Cameron County. The trial court granted the County’s
traditional motion for summary judgment on its contract claim. The Bank appeals the
summary judgment against it and complains the trial court should have granted the Bank’s
own motion for summary judgment on the contract claim, as well as on the County’s
quantum meruit and negligent misrepresentation claims. We affirm in part, reverse and
render in part, and reverse and remand in part.
I
          On June 15, 1999, after a bidding process, the Bank entered into a two-year fixed
term deposit contract with the County. The Bank agreed to pay the County 4.25% interest,
or, at the County’s option, a variable rate, for a period of two years. The County chose the
4.25% interest. The contract term provision specified the contract would expire on April
30, 2001. The provision also allowed the contract to be extended sixty days or until the
County executed a depository agreement with another institution, whichever occurred first. 
          Once the banking relationship was established, various County accounts were
opened, and County employees signed signature cards. The signature cards, which are
the basis of the County’s contract action, do not provide for the payment of interest. April
30, 2001, the contract’s expiration date, passed. On June 25, the Bank’s chief financial
officer sent a written notice to the County treasurer advising that the sixty-day extension
would expire on June 29, 2001. On June 29, 2001, the County still had over fifty-seven
million dollars in the Bank. Another letter was sent June 29th stating that the Bank would
not charge the County for continued banking services, but the Bank would pay no interest
after July 1, 2001. By the end of July, the County reduced its balances to a little over three
million dollars.
          The County filed this action claiming the signature cards constituted independent
deposit contracts and that the Bank failed to give reasonable notice that it would no longer
pay interest on the various accounts. The County alternatively pled quantum meruit and
negligent misrepresentation. In its motion for summary judgment on the contract claim, the
County stated it would abandon its alternative claims if summary judgment were granted
on the contract claim. In its brief, the County reserves these alternate claims if it does not
prevail on the contract issue.
          The Bank countered with its own motion for summary judgment on all three of the
County’s theories. This motion was denied. The trial court granted the County’s motion
for summary judgment, which was based solely on its contract claim. Based on
supplemental summary judgment evidence, the judgment awarded the County slightly over
seventy thousand dollars. The calculation was based upon applying and extending the
4.25% interest rate after July 1, 2001 to the County’s balances. The trial court also
awarded attorney’s fees to the County, which the County admits is not supported by the
record.



II
          We review the trial court's granting of a motion for summary judgment de novo.
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank-Rio
Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.–Corpus Christi 2000, pet.
denied). When reviewing a summary judgment under the traditional standard, we view the
evidence in the light most favorable to the nonmovant, indulging in every reasonable
inference and resolving any doubt in favor of the nonmovant. Randall's Food Mkts., Inc.
v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Where both parties move for summary
judgment, each party bears the burden of establishing that it is entitled to judgment as a
matter of law. Guynes v. Galveston County, 861 S.W.2d 861, 862 (Tex. 1993). When
both sides move for summary judgment and the trial court grants one motion but denies
the other, we review both sides' summary judgment evidence, determine all questions
presented, and render the judgment that the trial court should have rendered. Holy Cross
Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001).
                                                                III
          In its first two issues, the Bank argues that the interest-bearing depository contract
expired on June 29, 2001. The signature cards themselves do not provide for the payment
of interest. 
          The County maintains that the Bank breached its contractual duty under the
signature card by failing to provide the County with reasonable notice of the Bank’s intent
to change the interest rate paid from 4.25% to 0.00%. The County argues that the finance
code requires reasonable notice of such a change. See Tex. Fin. Code Ann. § 34.302(b)
(Vernon 1998). Further, that code provides that a deposit agreement between a bank and
an account holder is considered a contract in writing for all purposes and may be
evidenced by one or more agreements, signature cards, et cetera. Id. § 34.301(a) (Vernon
Supp. 2003). The County concludes that while the 1999 deposit contract recites an
interest rate, it does not address the procedure for reasonably notifying the County of an
interest rate change; ergo the signature card and the finance code provided these
ingredients. See id. § 34.302(b). 
          The Bank counters that the County conflates the duties under the signature card
and the deposit contract. We agree. The County moved for summary judgment only on
claims arising out of the signature card and the finance code. It did not move for summary
judgment on the primary depository obligations.


 We will not consider new or other claims
made by the County that were not submitted to the trial court. See McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 339 (Tex. 1993) (summary judgment cannot be
sustained on ground not specifically set forth in motion); see also Chessher v.
Southwestern Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983) (defense to only one of four
causes of action addressed in summary judgment motion). 
          While the County argues that it “expected” the Bank to continue paying interest after
the term of the deposit agreement expired, it points to no agreement that would give rise
to such a contractual obligation. As aptly noted by the County, the elements of a breach
of contract claim are: (1) the existence of a valid contract; (2) performance or tendered
performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages
to the plaintiff resulting from that breach. Adams v. H & H Meat Prods., Inc., 41 S.W.3d
762, 771 (Tex. App.–Corpus Christi 2001, no pet.). However, in Adams we also observed
the requisites for a valid contract are: (1) an offer; (2) an acceptance in strict compliance
with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the
terms; and (5) execution and delivery of the contract with the intent that it be mutual and
binding. Id. 
          Here, the Bank offered to pay a premium rate for all of the County’s funds for a
specified term of two years plus sixty days. The other elements of a contract existed, and,
thus, a valid depository contract existed. Assuming that the signature cards upon which
the County based its contract assertions were valid contracts, they did not provide for
interest. Thus, there was no meeting of the minds regarding payment of interest under the
signature cards. Therefore, as a matter of law, the Bank was not obligated to pay interest,
based upon the signature cards. See id.; see also Worden v. Thornburg, 564 S.W.2d 
480, 483-84 (Tex. Civ. App.–Corpus Christi 1978, writ ref’d n.r.e.) (plaintiffs failed to prove
contractual obligation under signature card). 
          The County’s argument under the finance code concerning notice also fails for
several reasons. First, there was no amendment to either the depository contract or the
signature cards. See Tex. Fin. Code Ann. § 34.302 (Vernon 1998). Second, there were
no provisions in the signature cards providing for interest that were amended or changed. 
Nor has the County shown how the signature cards somehow modified the only contract
that provided for interest. See Worden, 564 S.W.2d at 483-84. In any event, the 1999
depository contract did not provide for interest after its agreed expiration. We sustain the
Bank’s two related issues that the County’s motion for summary judgment was granted in
error and that the Bank’s motion for summary judgment on the contract claim was proper
and should have been granted.
          The Bank also argues that, if the trial court based its judgment on the County’s
claims for quantum meruit or negligent misrepresentation, it erred. The trial court did not
base its decision on these claims. The County’s motion clearly delineated that it was
based upon the contract claim and that it waived these two alternate claims if summary
judgment were granted on the contract claim. Therefore, there is no need to address these
issues, in that context. However, the Bank also contends the trial court should have
granted its own motion on these two claims. We examine these remaining claims in turn.
          The Bank argued before the trial court and us that there are four elements of a claim
for quantum meruit. These elements are: 
“1) valuable services were rendered or materials furnished; 2) for the person
sought to be charged; 3) which services and materials were accepted by the
person sought to be charged, used and enjoyed by him; 4) under such
circumstances as reasonably notified the person sought to be charged that
the plaintiff in performing such services was expecting to be paid by the
person sought to be charged." 

Bashara v. Baptist Mem’l Hosp. Sys., 685 S.W.2d 307, 310 (Tex. 1985) (quoting City of
Ingleside v. Stewart, 554 S.W.2d 939, 943 (Tex. Civ. App.–Corpus Christi 1977, writ ref’d
n.r.e.)). We agree. 
          On appeal, the Bank expands its argument to challenge, inter alia, that the second
element requires the efforts must have been undertaken "for the person sought to be
charged." The Bank also cites City of Ingleside, 554 S.W.2d at 943 in support of this
argument. However, the only argument made to the trial court was that the facts do not
even meet one element of the quantum meruit claim. In its summary judgment motion
before the trial court, the Bank contended: 
The Depository Contract between Plaintiff and Defendant expired (including
the grace period) on June 29, 2001, and Plaintiff failed to remove its funds
from Defendant Bank until July 16th, 2002. There is nothing the Defendant
could have done to remove the County’s accounts until the County
transferred the fund to another bank. Plaintiff has failed to prove any
element of this theory, which should be dismissed.

          This portion of the Bank’s summary judgment motion is no more than a general
demurrer. General demurrers are long antiquated in Texas practice. Tex. R. Civ. P. 90. 
Further, the Bank’s motion fails to give due notice to the County or the trial court as to the
legal or factual basis of its motion. See Stone v. Lawyers Title Ins. Corp., 554 S.W.2d 183,
186 (Tex. 1977) (pleadings need give fair and adequate notice to their adversary); see also
Tex. R. Civ. P. 45.


 Nor does this part of the motion direct its attention to any specific
proof. Thus, the Bank failed to establish its entitlement to a summary judgment on the
quantum meruit claim as a matter of law. See Guynes, 861 S.W.2d at 862; see also Tex.
R. Civ. P. 166a(c). We overrule this issue.
          Finally, the Bank argues that the trial court erred by not granting its motion on the
County’s negligent representation claim. In this portion of the motion, the Bank does
assert that there is no proof of any representation made that the Bank would extend or
change the depository contract. Once again, on appeal the Bank changes its course. 
          On appeal, the Bank argues that the County could not establish that it had justifiably
relied upon a representation by a Bank officer. This was not raised before the trial court. 
It is an elementary requirement of a motion for summary judgment that it “shall state the
specific grounds therefor.” Tex. R. Civ. P. 166a(c). Regarding the Bank’s assertion that
no proof of any representation occurred, the County responded with an affidavit from C.
Douglas Wright. Wright’s affidavit stated that a named Bank official represented to Wright
that he was unaware of any interest rate change and that the banker clearly implied the
County would continue to receive interest on its funds after June 29, 2001. We need not
even address whether this affidavit raises a fact issue, because the burden of proof was
on the Bank as movant. See Wolf, 44 S.W.3d at 566. Once again the Bank failed to
establish its entitlement to summary judgment as a matter of law. See id. The Bank’s final
issue is overruled.
IV
          We affirm the trial court’s order denying the Bank’s motion for summary judgment
on the quantum meruit and negligent misrepresentation claims. We reverse the trial
court’s order granting the County’s motion for summary judgment on the contract claim and
the order denying the Bank’s motion for summary judgment on the contract claim. We
render judgment that the County take nothing by way of its contract claim and remand the
cause for further proceedings on the County’s non-contract claims.
                                                                            
                                                                                 Don Wittig
 Justice

 
Opinion delivered and filed
this 15th day of January, 2004.