(No. 50277.—

RUSSELL A. MAYNARD, Appellant, v. CHARLENE M. PARKER *et al.*—(The Sisters of the Third Order of St. Francis, Appellee.)

*Opinion filed Jan. 26, 1979.—Rehearing denied March 30, 1979.*

Ryan, J., took no part.

Louis E. Olivero, of Peru (Clifford E. Lund, of counsel), for appellant.

Bartley, Hession & Palmer, of Peoria, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Russell A. Maynard, filed suit in the circuit court of Bureau County to recover damages for personal injuries which had caused him to be confined to St. Francis Hospital, operated by the Sisters of the Third Order of St. Francis. The hospital's bill for services was in the amount of $11,027.96, and pursuant to the provisions of the hospital liens act (Ill. Rev. Stat. 1975, ch. 82, par. 97 *et seq.*) it served notice of its lien in that amount. Plaintiff's case was settled for the sum of $37,500, and the defendants' insurer issued its draft in the amount of $11,027.96 payable to the order of plaintiff, his wife, his attorney, and the hospital. In accordance with section 5 of the hospital liens act (Ill. Rev. Stat. 1975, ch. 82, par. 101) plaintiff filed a petition to adjudicate the rights of the parties and the circuit court ordered that out of the $11,027.96 the hospital pay plaintiff's attorney one-third of the costs incurred ($205.48) and one-third of the amount claimed in its lien ($3,675.98). The hospital appealed, the appellate court reversed (54 Ill. App. 3d 141), and we allowed plaintiff's petition for leave to appeal.

It is plaintiff's contention that although there was no contract, express or implied, between the hospital and his attorney, that under the fund doctrine approved by this court in *Baier v. State Farm Insurance Co.* (1977), 66 Ill. 2d 119, the circuit court correctly ordered the hospital to

pay a portion of the attorney's fees and costs incurred in effecting the recovery. He contends further that under *Davis v. City of Chicago* (1974), 59 Ill. 2d 439, the fund doctrine applies to a statutory lien.

The hospital liens act applies only to those hospitals which are "organized for nonprofit" or "operated entirely by a county." (Ill. Rev. Stat. 1975, ch. 82, par. 97.) In many instances, both types of hospitals are required to admit persons without regard to ability to pay (see *Small v. Pangle* (1975), 60 Ill. 2d 510, 515-18; Ill. Rev. Stat. 1975, ch. 34, par. 303) and might thus enter into a creditor-debtor relationship without benefit of the opportunity usually afforded a creditor to ascertain the prospective debtor's ability to pay.

There are important distinctions between the creditor-debtor relationship which existed between plaintiff and the hospital and the relationships between the parties in *Baier* and *Davis*. In *Baier*, the plaintiff was required to repay the sum advanced by the insurer "only in the event and to the extent that any net recovery is made" from a tortfeasor in a collision which occurred on November 3, 1967. In *Davis v. City of Chicago* (1974), 59 Ill. 2d 439, the welfare recipient was liable for repayment only from the recovery effected. (Ill. Rev. Stat. 1967, ch. 23, par. 11—22.) Here, plaintiff's liability to the hospital was not dependent upon the creation of a fund; plaintiff was a debtor obligated to pay for the services rendered by the hospital out of any resources which might become available to him. A further distinction between the situations is that neither in *Baier* nor in *Davis* was there any limitation upon the amount of the lien which could be claimed, whereas here, the statute provided "that the total amount of all liens hereunder shall not exceed one-third of the sum paid or due to said injured person on said claim or right of action ***." (Ill. Rev. Stat. 1975, ch. 82, par. 97.) We hold that the doctrine approved in *Baier* is not

applicable, and the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.