**In re CASH CURRENCY EXCHANGE, INC., an Illinois corporation, et al., Debtor.**

**Donald C. SHINE, as Trustee for the Illinois Currency Exchange Debtors; and Indiana Currency Exchange, Inc., d/b/a Indiana Currency Exchange, Inc. No. 1,**

v.

**SHAMROCK HILL FARM, INC., an Illinois corporation, Defendant.**

No. 85 C 3531.

United States District Court, N.D. Illinois, E.D.

Oct. 21, 1987.

Thomas P. Carney, Jr., Winston & Strawn, Chicago, Ill., for plaintiff.

Alan Rosen, Norman T. Finkel, Neistein, Richman, Hauslinger & Young, Ltd., Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

Plaintiff Donald C. Shine is the trustee of thirty-three Illinois Currency Exchanges which are debtors in bankruptcy. Plaintiff Indiana Currency Exchange, Inc. is itself a

debtor in bankruptcy. The defendant is Shamrock Hill Farm, Inc., ("Shamrock"), an Illinois corporation. The gravamen of the action is that plaintiffs seek to recover from defendant assets in excess of $1,000,-000 which plaintiffs claim were fraudulently conveyed from the debtor estates to the defendant corporation.

The dispute centers on whether Shamrock holds title to the assets plaintiffs claim or whether those assets are owned by Susan Ryan, the corporation's sole shareholder. Shamrock's position is that it does not own the disputed assets. Plaintiffs have entered into a settlement agreement and release of all claims plaintiffs may have against Susan Ryan, but have not released their claims against Shamrock. Plaintiffs maintain that the assets belong to Shamrock and that they are entitled to recover them because of the fraudulent conveyances.

During the course of litigation, certain horses, the ownership of which was disputed, were sold, producing a fund in excess of $53,000.00 (the "disputed fund"). Plaintiffs claim to be entitled to the disputed fund. Defendant disputes this, apparently taking the position that the fund belongs to Susan Ryan. The fund is currently held in an escrow account and is subject to a Temporary Restraining Order enjoining Shamrock from disposing or otherwise transferring its assets.

Before the court is defendant's continued motion to approve payment of professional fees (accountant's and attorney's fees). Defendant claims it is entitled to be paid these fees from the disputed fund under the common fund doctrine. This doctrine, recognized by the Illinois courts, is an exception to the general rule that each litigant pays its own attorney's fees. *Maynard v. Parker*, 54 Ill.App.3d 141, 369 N.E.2d 352, 11 Ill.Dec. 898 (3d Dist.1977), *aff'd*, 75 Ill.2d 73, 387 N.E.2d 298, 25 Ill. Dec. 642 (1979).

As an initial matter, defendant appears to contend that Judge Nordberg entered an order approving the payment of professional fees. Defendant points to certain statements made by Judge Nordberg during proceedings before him on this case on March 23, 1984.[1] The Judge stated: "If this case eventually has to be tried on a horse-by-horse basis in a very formal court setting it is going to be terribly expensive for everybody and it doesn't make sense. So, it is important that there be counsel available. Lawyers have to be paid." Transcript at 20 (Exh. H, Def.'s Continued Motion to Approve Payment of Professional Fees.)

Quite simply, the foregoing was not an order. No court order approving the payment of fees appears in the record, and, in fact, Judge Nordberg during the March 23 proceeding stated that he *would* rule on the motion concerning fees the following Monday. It appears that he did not do so, but rather continued the motion. In any event, it is clear that defendant cannot argue that it is entitled to fees out of the disputed fund by virtue of a prior court order.

Turning to the common fund doctrine argument, defendant has cited to us no authority in which the doctrine was applied to the situation before the court. To the contrary, it is clear that under Illinois law, the doctrine does not apply to this case. In *Insurance Co. of North America v. Norton*, 716 F.2d 1112 (7th Cir.1983), on which defendant relies and in which the court found the doctrine was inapplicable, the court stated that "[r]ecent case law in Illinois ... has restricted the application of the fund doctrine to class actions and insurance subrogation cases." *Id.* at 1116 (quoting *McKee–Berger–Mansueto, Inc. v. Board of Education*, 691 F.2d 828, 835 (7th Cir.1982)). Moreover, the doctrine has been considered and rejected in a factual situation somewhat similar to that in this case. In *In re Key West Restaurant & Lounge, Inc.*, 54 B.R. 978 (N.D.Ill.1985), a debtor instituted adversarial proceedings to receive a certain settlement fund. The court noted that the Illinois courts have restricted the applicability of the common fund doctrine, and held that the law firm

---

**1.** The case was reassigned to this court's docket in June 1987.

representing the debtor was not entitled to fees out of the settlement fund under either the "substantial benefit" or "common fund" exceptions to the American Rule on attorney's fees.

Finally, it appears that a prerequisite for applying the doctrine is that the party who seeks to benefit from the fund (here, the plaintiffs) has done nothing to aid in creating the fund. *See Maynard v. Parker*, 54 Ill.App.3d 141, 369 N.E.2d 352, 11 Ill.Dec. 898, 900 (3d Dist.1977). This is not the case here; both plaintiffs' and defendant's counsel expended time and effort in creating the fund.

Defendant relies heavily on *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985). Defendant states that the Court in that case awarded fees to bankruptcy counsel for time spent in preparing fee applications on the basis of the fund doctrine. (Def.'s Reply Mem. at 2). We are not prepared to say that counsel intentionally misled this court in making the foregoing statement. We simply note that the court in *In re Nucorp* expressly recognized that in common fund cases, courts *refuse* to award compensation for time devoted to fee litigation. *Id.* at 661. The court held that the attorneys were entitled to fees not on the common fund theory but rather pursuant to section 330 of the Bankruptcy Reform Act. *Id.* at 662–63. At best, counsel's mischaracterization of the case reveals that he simply did not read the entire opinion. In any event, the case lends no support to defendant's position.

Two other considerations merit brief discussion. Plaintiffs in their brief represent that defendant's counsel has filed a claim in the estate of Susan Ryan for legal fees which includes nearly $23,000 of the $26,-252.64 claimed in this case. Defendant does not dispute this. It does appear from the record that, as plaintiffs claim, the real party in interest in this case is Susan Ryan, not Shamrock Hill Farm, Inc. The facts that defendant's counsel was retained in this litigation by Susan Ryan, that Shamrock asserts that it has no assets and no claim to the fund, and that counsel has filed a claim for attorney's fees from Ryan's estate, tend to show that defendant's counsel never expected to be compensated by Shamrock. We see no inequity in these circumstances in requiring defendant's counsel to seek payment of their fees from Susan Ryan's estate.

Finally, even if the common fund doctrine were applicable here, much of the time for which the defendant seeks fees would be disregarded by the court because of insufficient documentation. Defendant made no attempt to show how much of the attorney's time was spent on creating and preserving the fund, as opposed to other aspects of the case. As just one example, thirty hours were billed by a law clerk with simply the notation "Research." Other descriptions of time spent include "numerous phone calls to....", "review documents", "research; review transcripts." Such descriptions are simply insufficient. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–37, 103 S.Ct. 1933, 1939–41, 76 L.Ed.2d 40 (1983); *King v. Greenblatt*, 560 F.2d 1024, 1027 (1st. Cir.1977).

For the foregoing reasons, defendant's continued motion to approve payment of professional fees is denied.