**FIRST NATIONAL BANK OF
EDINBURG, Appellant,**

v.

**CAMERON COUNTY, Texas, Appellee.**

No. 13–02–485–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Jan. 15, 2004.

Rehearing Overruled April 15, 2004.

Chris A. Brisack, Neil E. Norquest, Norquest & Brisack, LLP, McAllen, Nor-

ton A. Colvin, Jr., Rodriguez, Colvin & Chaney, LLP, Brownsville, for Appellant.

Charles Willette, Jr., Willette & Guerra, L.L.P., Roman Dino Esparza, Brownsville, for Appellee.

Before Justices RODRIGUEZ, CASTILLO, and DON WITTIG.[1]

## OPINION

Opinion by Justice DON WITTIG (Retired).

This is a summary judgment case emanating from First National Bank of Edinburg's former depositor relationship with Cameron County. The trial court granted the County's traditional motion for summary judgment on its contract claim. The Bank appeals the summary judgment against it and complains the trial court should have granted the Bank's own motion for summary judgment on the contract claim, as well as on the County's quantum meruit and negligent misrepresentation claims. We affirm in part, reverse and render in part, and reverse and remand in part.

### I

On June 15, 1999, after a bidding process, the Bank entered into a two-year fixed term deposit contract with the County. The Bank agreed to pay the County 4.25% interest, or, at the County's option, a variable rate, for a period of two years. The County chose the 4.25% interest. The contract term provision specified the contract would expire on April 30, 2001. The provision also allowed the contract to be extended sixty days or until the County

---

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to § 74.003 of the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon Supp.2004).

executed a depository agreement with another institution, whichever occurred first.

Once the banking relationship was established, various County accounts were opened, and County employees signed signature cards. The signature cards, which are the basis of the County's contract action, do not provide for the payment of interest. April 30, 2001, the contract's expiration date, passed. On June 25, the Bank's chief financial officer sent a written notice to the County treasurer advising that the sixty-day extension would expire on June 29, 2001. On June 29, 2001, the County still had over fifty-seven million dollars in the Bank. Another letter was sent June 29th stating that the Bank would not charge the County for continued banking services, but the Bank would pay no interest after July 1, 2001. By the end of July, the County reduced its balances to a little over three million dollars.

The County filed this action claiming the signature cards constituted independent deposit contracts and that the Bank failed to give reasonable notice that it would no longer pay interest on the various accounts. The County alternatively pled quantum meruit and negligent misrepresentation. In its motion for summary judgment on the contract claim, the County stated it would abandon its alternative claims if summary judgment were granted on the contract claim. In its brief, the County reserves these alternate claims if it does not prevail on the contract issue.

The Bank countered with its own motion for summary judgment on all three of the County's theories. This motion was denied. The trial court granted the County's motion for summary judgment, which was based solely on its contract claim. Based on supplemental summary judgment evidence, the judgment awarded the County slightly over seventy thousand dollars. The calculation was based upon applying and extending the 4.25% interest rate after July 1, 2001 to the County's balances. The trial court also awarded attorney's fees to the County, which the County admits is not supported by the record.[2]

## II

We review the trial court's granting of a motion for summary judgment *de novo*. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994); *Tex. Commerce Bank-Rio Grande Valley v. Correa*, 28 S.W.3d 723, 726 (Tex.App.-Corpus Christi 2000, pet. denied). When reviewing a summary judgment under the traditional standard, we view the evidence in the light most favorable to the nonmovant, indulging in every reasonable inference and resolving any doubt in favor of the nonmovant. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). Where both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *Guynes v. Galveston County*, 861 S.W.2d 861, 862 (Tex.1993). When both sides move for summary judgment and the trial court grants one motion but denies the other, we review both sides' summary judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

## III

In its first two issues, the Bank argues that the interest-bearing depository con-

---

**2.** In any event, under our holding, the County is not entitled to attorney's fees on its contract claim.

tract expired on June 29, 2001. The signature cards themselves do not provide for the payment of interest.

The County maintains that the Bank breached its contractual duty under the signature card by failing to provide the County with reasonable notice of the Bank's intent to change the interest rate paid from 4.25% to 0.00%. The County argues that the finance code requires reasonable notice of such a change. *See* TEX. FIN.CODE ANN. § 34.302(b) (Vernon 1998). Further, that code provides that a deposit agreement between a bank and an account holder is considered a contract in writing for all purposes and may be evidenced by one or more agreements, signature cards, et cetera. *Id.* § 34.301(a) (Vernon Supp. 2003). The County concludes that while the 1999 deposit contract recites an interest rate, it does not address the procedure for reasonably notifying the County of an interest rate change; ergo the signature card and the finance code provided these ingredients. *See id.* § 34.302(b).

The Bank counters that the County conflates the duties under the signature card and the deposit contract. We agree. The County moved for summary judgment only on claims arising out of the signature card and the finance code. It did not move for summary judgment on the primary depository obligations.[3] We will not consider new or other claims made by the County that were not submitted to the trial court. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339 (Tex.1993) (summary judgment cannot be sustained on ground not specifically set forth in motion); *see also Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983) (defense to only one of four causes of action addressed in summary judgment motion).

While the County argues that it "expected" the Bank to continue paying interest after the term of the deposit agreement expired, it points to no agreement that would give rise to such a contractual obligation. As aptly noted by the County, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *Adams v. H & H Meat Prods., Inc.*, 41 S.W.3d 762, 771 (Tex.App.-Corpus Christi 2001, no pet.). However, in *Adams* we also observed the requisites for a valid contract are: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Id.*

Here, the Bank offered to pay a premium rate for all of the County's funds for a specified term of two years plus sixty days. The other elements of a contract existed, and, thus, a valid depository contract existed. Assuming that the signature cards upon which the County based its contract assertions were valid contracts, they did not provide for interest. Thus, there was no meeting of the minds regarding payment of interest under the signature cards. Therefore, as a matter of law, the Bank was not obligated to pay interest, based upon the signature cards. *See id.; see also Worden v. Thornburg*, 564 S.W.2d 480, 483–84 (Tex.Civ.App.-Corpus Christi 1978, writ ref'd n.r.e.) (plaintiffs failed to prove contractual obligation under signature card).

The County's argument under the finance code concerning notice also fails for

---

**3.** Nor do we believe such a motion could be successful, although as the County now wishes to argue, certain duties do exist thereunder, not found on the signature cards.

several reasons. First, there was no amendment to either the depository contract or the signature cards. *See* TEX. FIN.CODE ANN. § 34.302 (Vernon 1998). Second, there were no provisions in the signature cards providing for interest that were amended or changed. Nor has the County shown how the signature cards somehow modified the only contract that provided for interest. *See Worden,* 564 S.W.2d at 483–84. In any event, the 1999 depository contract did not provide for interest after its agreed expiration. We sustain the Bank's two related issues that the County's motion for summary judgment was granted in error and that the Bank's motion for summary judgment on the contract claim was proper and should have been granted.

The Bank also argues that, if the trial court based its judgment on the County's claims for quantum meruit or negligent misrepresentation, it erred. The trial court did not base its decision on these claims. The County's motion clearly delineated that it was based upon the contract claim and that it waived these two alternate claims if summary judgment were granted on the contract claim. Therefore, there is no need to address these issues, in that context. However, the Bank also contends the trial court should have granted its own motion on these two claims. We examine these remaining claims in turn.

■ The Bank argued before the trial court and us that there are four elements of a claim for quantum meruit. These elements are:

"1) valuable services were rendered or materials furnished; 2) for the person sought to be charged; 3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; 4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged."

*Bashara v. Baptist Mem'l Hosp. Sys.,* 685 S.W.2d 307, 310 (Tex.1985) (quoting *City of Ingleside v. Stewart,* 554 S.W.2d 939, 943 (Tex.Civ.App.-Corpus Christi 1977, writ ref'd n.r.e.)). We agree.

■ On appeal, the Bank expands its argument to challenge, *inter alia,* that the second element requires the efforts must have been undertaken "for the person sought to be charged." The Bank also cites *City of Ingleside,* 554 S.W.2d at 943 in support of this argument. However, the only argument made to the trial court was that the facts do not even meet one element of the quantum meruit claim. In its summary judgment motion before the trial court, the Bank contended:

The Depository Contract between Plaintiff and Defendant expired (including the grace period) on June 29, 2001, and Plaintiff failed to remove its funds from Defendant Bank until July 16th, 2002. There is nothing the Defendant could have done to remove the County's accounts until the County transferred the fund to another bank. Plaintiff has failed to prove any element of this theory, which should be dismissed.

■ This portion of the Bank's summary judgment motion is no more than a general demurrer. General demurrers are long antiquated in Texas practice. TEX.R. CIV. P. 90. Further, the Bank's motion fails to give due notice to the County or the trial court as to the legal or factual basis of its motion. *See Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 186 (Tex. 1977) (pleadings need give fair and adequate notice to their adversary); *see also*

**114**

Tex.R. Civ. P. 45.[4]  Nor does this part of the motion direct its attention to any specific proof.  Thus, the Bank failed to establish its entitlement to a summary judgment on the quantum meruit claim as a matter of law.  *See Guynes,* 861 S.W.2d at 862; *see also* Tex.R. Civ. P. 166a(c).  We overrule this issue.

Finally, the Bank argues that the trial court erred by not granting its motion on the County's negligent representation claim.  In this portion of the motion, the Bank does assert that there is no proof of any representation made that the Bank would extend or change the depository contract.  Once again, on appeal the Bank changes its course.

On appeal, the Bank argues that the County could not establish that it had justifiably relied upon a representation by a Bank officer.  This was not raised before the trial court.  It is an elementary requirement of a motion for summary judgment that it "shall state the specific grounds therefor."  Tex.R. Civ. P. 166a(c).  Regarding the Bank's assertion that no proof of any representation occurred, the County responded with an affidavit from C. Douglas Wright.  Wright's affidavit stated that a named Bank official represented to Wright that he was unaware of any interest rate change and that the banker clearly implied the County would continue to receive interest on its funds after June 29, 2001.  We need not even address whether this affidavit raises a fact issue, because the burden of proof was on the Bank as movant.  *See Wolf,* 44 S.W.3d at 566.  Once again the Bank failed to establish its entitlement to summary judgment as a matter of law.  *See id.*  The Bank's final issue is overruled.

**4.** The Bank cites other cases for arguments not made to the trial court.  One of the most fundamental aspects of due process is the opportunity of adequate notice and the right to respond.

## IV

We affirm the trial court's order denying the Bank's motion for summary judgment on the quantum meruit and negligent misrepresentation claims.  We reverse the trial court's order granting the County's motion for summary judgment on the contract claim and the order denying the Bank's motion for summary judgment on the contract claim.  We render judgment that the County take nothing by way of its contract claim and remand the cause for further proceedings on the County's non-contract claims.