In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-422 CV


NO. 09-05-423 CV


NO. 09-05-424 CV


NO. 09-05-431 CV


NO. 09-05-432 CV


____________________



JERRY O. DUEITT, Appellant



V.



TERRY RUSSELL DUEITT a/k/a RUSTY DUEITT, Appellee



and



JERRY O. DUEITT, Appellant



V.



TERRY RUSSELL DUEITT, TRUSTEE OF 


THE CHRISTY LYNN CARRIGAN TRUST, Appellee



and



JERRY O. DUEITT, Appellant



V.



TERRY RUSSELL DUEITT, TRUSTEE OF


THE JOHN RUSSELL DUEITT TRUST, Appellee



and



JERRY O. DUEITT, Appellant



V.



TERRY RUSSELL DUEITT, TRUSTEE OF


THE JAMES WESLEY DUEITT TRUST, Appellee



and



JERRY O. DUEITT, Appellant



V.



TERRY RUSSELL DUEITT, TRUSTEE OF


THE JENNIFER ANN DUEITT TRUST, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause Nos. 03-05-03646-CV, 03-05-03648-CV, 03-05-03652-CV


03-05-03647-CV, and 03-05-03650-CV






 MEMORANDUM OPINION 


 This appeal arises from a family dispute between two brothers about the
management of property inherited from their grandfather. We affirm.

 At trial, appellant Jerry O. Dueitt ("Jerry") sought reimbursement for expenses he
incurred in managing real property he owned jointly with his brother, Terry Russell Dueitt
("Rusty"), and four family trusts. Jerry filed five separate suits, one against Rusty
individually and the other four against Rusty as trustee of the family trusts. The suits were
tried together, and Jerry sought the total sum of $ 646.96 as damages. (1) Jerry also asked
for attorney's fees in excess of $ 22,000 and for an equitable lien on the real property. 
The jury awarded Jerry $582.41 in damages but declined to award any attorney's fees or
court costs. After hearing Jerry's motion for judgment notwithstanding the verdict
("JNOV"), the trial court awarded Jerry a total of $58.25 in attorney's fees. But, the trial
court did not grant the additional relief Jerry requested-namely, that the court disregard
the jury's answer to charge question 3 regarding whether Jerry's services and materials
were accepted and that the court award the full amount of damages and attorney's fees
sought. 

 Though Jerry originally brought six appellate issues, he subsequently withdrew

issue one. Therefore, we limit our review to issues two through five. 

 In issue two, Jerry complains that the evidence was factually insufficient to support
the jury's total damage award of $582.41. Because the jury "found the services and
expenditures to be reasonable and necessary, and beneficial to the defendants and the
properties concerned, and [because] the amounts sought [were] never substantially
challenged, [he contends] the verdicts awarding lesser amounts as damages were so
contrary to the overwhelming weight and preponderance of the evidence as to be
manifestly wrong and unjust." 

 In reviewing a factual sufficiency issue, an appellate court considers all of the
evidence and may set aside the verdict only if it is so against the great weight and
preponderance of the evidence that it is clearly wrong and unjust. Dow Chemical Co. v.
Francis, 46 S.W.3d 237, 242 (Tex. 2001). However, before determining the evidence's
sufficiency, a reviewing court "must first identify the standard against which the evidence
is to be measured." St. Joseph Hosp. v. Wolff, 94 S.W.3d 513, 530 (Tex. 2002). In 
Osterberg v. Peca, the Texas Supreme Court concluded that "it is the court's charge, not
some other unidentified law, that measures the sufficiency of the evidence when the
opposing party fails to object to the charge." 12 S.W.3d 31, 55 (Tex. 2000).

 In this case, there were no objections to the charge at trial. The objections were
lodged in post-trial motions. In his JNOV motion, Jerry asked the trial court to disregard
the jury's answer to question 3, but the trial court did not grant this request. Question 3
asked the jury whether the "services and materials were accepted by the person sought to
be charged, used and enjoyed by him[.]" The jury answered "no." In his JNOV motion,
Jerry contended question 3 was an improper charge question in his suit for reimbursement. 
Further, at the hearing on his JNOV motion, Jerry argued that his case was one of
equitable compensation for joint contribution and was not one of quantum meruit, as
alleged by Rusty. (2) But, Jerry did not object to the charge before it was submitted;
therefore, we measure the sufficiency of the evidence against the charge as submitted. See
Osterberg, 12 S.W.3d at 55. 

 Charge questions 1, 2, and 3 identify the elements of Jerry's cause of action. To
prevail on the charge submitted without objection, Jerry had to show that: (1) he rendered
valuable services or furnished materials to defendants; (2) the services or materials were
reasonable, necessary, and beneficial to defendants; and (3) the services and materials
"were accepted by the person sought to be charged, used and enjoyed by him [.]" By
answering "yes" to questions 1 and 2, the jury found in favor of Jerry on the first two
elements but failed to find for him on question 3. Without an affirmative finding on
question three, Jerry did not prove all of the elements on the claims he submitted to the
jury for his cause of action, and he is not entitled to any relief. See Myrex Industries, Inc.
v. Ortolon, 126 S.W.3d 548, 552 (Tex. App.-Houston [14th Dist.] 2003, pet. denied).

 However, in Jerry's argument and analysis of issue two, which contests the
sufficiency of the evidence supporting the jury's damage award, Jerry ignores the impact
of the jury's finding that the services and materials he provided were not accepted, used,
and enjoyed by the defendants. In addition, Jerry does not contest the evidence's
sufficiency as to the question 3 finding. Instead, Jerry concentrates on evidence showing
that he performed beneficial services and that the reimbursements requested were
reasonable. In concluding his issue two argument, Jerry states: 

 The record demonstrates that the overwhelming weight and preponderance
of the evidence supports the amounts to which Jerry testified and presented
documentary evidence. The jury, having properly ruled that the expenses
were reasonable and necessary to the upkeep and maintenance of the
properties in question and beneficial to the defendants, had no rational basis
to cut all of the amounts in the manner that it did." 


He does not show, as he must, that the jury's failure to find in his favor on whether the
defendants accepted the services and materials he provided is against the great weight and
preponderance of the evidence. See Dow Chemical Co. v. Francis, 46 S.W.3d at 242. Further, the record shows that in February 2002, Rusty specifically requested that
all future expenses be submitted to him in writing prior to their being incurred unless they
involved an emergency. Jerry testified he declined Rusty's request. The record shows that
the various expenses made the subject of these suits were incurred subsequent to February
2002. Such a specific request provides a sufficient factual basis for the jury's refusal to
answer question 3 in Jerry's favor, and he does not claim otherwise.

 In view of the jury's finding in question 3, Jerry did not prove he was entitled to
any damages. (3) However, we need not consider the propriety of the jury's damage award
because Rusty brings no appellate issue addressing it. See Pat Baker Co. v. Wilson, 971
S.W.2d 447, 450 (Tex.1998) (holding appellate court cannot reverse on unassigned error); 
 Allright, Inc. v. Pearson, 735 S.W.2d 240, 240 (Tex.1987) (holding appellate court erred
by considering unassigned points of error). Issue two is overruled.

 In issues three, four, and five, Jerry contends he should have been awarded
additional attorney's fees, should have been granted an equitable lien by the trial court, and
should have been awarded interest on the judgment. For the reasons expressed in our
review of issue two, Jerry is not entitled to any of the relief he requests because he did not
prove all of the elements of his cause of action. Issues three, four, and five are overruled.

 In issue six, Jerry contends the trial court denied him a fair hearing on his post-trial
motion for sanctions. Jerry argues that the trial court showed "bias and prejudice" against
him by ruling on his motion for sanctions without notice and without permitting his counsel
to address applicable law and facts. However, the record contains no request from Jerry
for a hearing. Further, after the hearing on Jerry's motion for new trial, the court
informed the parties that it would take the motion for new trial under advisement and
would consider Jerry's motion for sanctions by submission. At that point, Jerry's counsel
made no objection. In addition, Jerry did not file a motion for reconsideration after the
court denied his motion. Thus, we do not reach the issue of whether Jerry had the right
to a hearing on his motion for sanctions because he failed to preserve it for appeal. See
Tex. R. App. P 33.1. Issue six is overruled.

 Jerry further seeks sanctions against Rusty from this Court under its inherent
authority. We decline to enter sanctions in this case. Jerry's motion is denied.

 Accordingly, we overrule all of Jerry's issues, deny his motion for sanctions, affirm
the trial court's judgment, and tax the costs of appeal against Jerry. See Tex. R. App. P.
43.4.

 AFFIRMED. 

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on July 27, 2006

Opinion Delivered February 1, 2007

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Jerry appealed the five cases separately. As the issues are the same in all five
appeals, we review them together. The five cases are identified as follows by their
respective defendant and the amount Jerry sought from each: (1) Rusty Dueitt ($324.28);
(2) Rusty as trustee of the Christy Lynn Carrigan Trust ($108.11); (3) Rusty as trustee of
the John Russell Dueitt Trust ($35.84); (4) Rusty as trustee of the James Wesley Dueitt
Trust ($72.09); (5) Rusty as trustee of the Jennifer Ann Dueitt Trust ($106.64).
2. Question 3 would be a proper question in a quantum meruit charge submission. 
See Bashara v. Baptist Mem'l Hosp. Sys., 685 S.W.2d 307, 310 (Tex. 1985). The four
elements of a quantum meruit claim are as follows:

 (1) valuable services were rendered or materials furnished; 

 (2) for the person sought to be charged; 

 (3) which services and materials were accepted by the person sought to
be charged, used and enjoyed by him; and 

 (4) under such circumstances as reasonably notified the person sought to
be charged that the plaintiff in performing such services was
expecting to be paid by the person sought to be charged.

 

Id.
3. Despite the jury's failure to find for Jerry on question 3, the jury proceeded to
questions 4, 5, and 6. This action probably occurred because the instruction following
question 3 stated: "If you answer Yes you may proceed to Question No.2[,]" which the
jury had already answered. (Emphasis added). Since the instruction did not require the jury
to stop when it answered "no"to question 3, the jury also answered questions 4, 5, and 6. 
In answer to question 4, the jury found that the defendants reasonably challenged the
original amounts demanded by Jerry and that the challenge was a basis for lowering those
amounts. In question 5, the jury awarded Jerry the following amounts from the respective
defendants: (1) Rusty-$292; (2) James's trust-$64.88; (3) Christy's trust-$ 97.30; (4)
Jennifer's trust-$95.97; and (5) John's trust-$32.26. In question 6, the jury declined to
award attorney's fees or costs.