**Opinion issued August 15, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00013-CV

———————————

### GEICO CHOICE INSURANCE COMPANY, Appellant

### V.

### JEFFREY STERN D/B/A STERN LAW GROUP, Appellee

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-41336A**

---

## MEMORANDUM OPINION

Appellant, GEICO Choice Insurance Company ("GEICO"), challenges the trial court's rendition of summary judgment in favor of appellee, Jeffrey Stern, doing business as Stern Law Group ("SLG"), on SLG's claims against GEICO for wrongful payment of assigned interest and conversion. In its sole issue, GEICO

contends that the trial court erred in denying its motion for partial summary judgment and granting SLG summary judgment.

We reverse and render.

## Background

In its amended petition, SLG alleges that Delmi Maldonado was injured by a person insured by GEICO. SLG was hired to represent Maldonado in a personal-injury action against GEICO's insured.[1] Maldonado and SLG entered into a contingent-fee agreement for Maldonado's legal representation in which Maldonado assigned to SLG a "present, undivided ownership interest" of thirty-three and one-third percent "of any recovery made on Maldonado's behalf." SLG sent GEICO a letter of representation, notifying GEICO that SLG "had a fee interest in Maldonado's claim[s]."

SLG further alleges that, in addition to other damages, it was retained by Maldonado to recover damages for past medical expenses that she incurred because of her injury. SLG alleges that Maldonado's assignment of interest to it in their contingent-fee agreement "included all proceeds recovered on Maldonado's behalf, including the past medical expenses."

SLG alleges that GEICO, through a company called ClaimTECH and "without the permission of Maldonado or SLG," settled Maldonado's outstanding

---

[1]     SLG alleged it was hired to represent other tort claimants against individuals insured by GEICO. Claims related to other individuals have been severed.

2

hospital medical bill of $12,795.50 for $7,677.30. Because this amount was paid from insurance policy benefits on behalf of Maldonado to settle her past medical expenses, SLG alleges that it "was entitled to a fee interest in the payment." Accordingly, SLG asserts that it is owed $2,559.10 and GEICO has refused to make such a payment.

SLG brought claims against GEICO for wrongful payment of an assigned interest and conversion. Specifically, SLG alleges that despite having knowledge of SLG's claimed interest in Maldonado's claims against GEICO's insured, GEICO did not "protect" SLG's "interest in any payments made as [a] part of the [past medical expenses] claim." By paying Maldonado's outstanding medical bill directly to the hospital, GEICO denied SLG its "ability to be compensated for that portion of their work." SLG further alleges that "[o]nce funds were paid toward the claims of SLG's client[], SLG's contingen[t-]fee interest became a present property interest." Accordingly, GEICO "exercised dominion and control of[, and thus converting, SLG's] property . . . by paying the funds directly" to the hospital. SLG seeks recovery for its contingent-fee interest on the amount GEICO paid to the hospital in settlement of Maldonado's outstanding medical bill.

GEICO filed a motion for partial summary judgment, arguing that it had the "right to act on its own behalf and on behalf of its insured to make sure [the] hospital lien" related to Maldonado's outstanding medical bill was "satisfied." It

3

further asserted that it owes no duty to SLG and that it was "legally privileged and/or justified to negotiate and resolve the hospital lien" related to Maldonado's outstanding medical bill. And Maldonado incurred no damages as a result of GEICO's satisfaction of the lien. "GEICO obtained a release from the hospital which absolved [Maldonado] of any obligation to pay any amount of the hospital lien or of any other related expenses." Regardless, it argued that any damages incurred would be "too speculative to maintain an action."

GEICO attached to its partial summary-judgment motion SLG's first amended petition, a letter it received from SLG notifying GEICO of SLG's representation of and assignment of interest in the claims of Maldonado against GEICO's insured, correspondence regarding settlement negotiations with SLG for Maldonado's claims—including a letter from GEICO to SLG with a settlement offer regarding "all claims arising out of the Bodily Injury claimed by" Maldonado and noting that "the hospital lien" related to Maldonado's outstanding medical bill "ha[d] already been paid, and as such has been offset from th[e] offer," and a settlement agreement and release between ClaimTECH, on behalf of GEICO, and the hospital for a settlement of Maldonado's outstanding medical bill in the amount of $12,795.50 for $7,677.30. GEICO also attached an "AUTHORIZATION AND ASSIGNMENT" executed by Maldonado in connection with her treatment for her injuries at the hospital. The assignment provided, in relevant part:

4

## ITEM 3 – IRREVOCABLE ASSIGNMENT

I irrevocably assign and transfer to the Hospital all rights, title and interest in any benefits payable and all causes of action against all Insurance companies, benefit plans, and/or persons or entities responsible ("Responsible Parties") for the payment of benefits, services, or products provided by the Hospital, and I hereby appoint the Hospital as my attorney in fact, with the power of substitution to sue or otherwise obtain payment of benefits from the Responsible Parties. This irrevocable assignment and transfer shall be for the purpose of granting the Hospital an independent legal right of recovery against such Responsible Parties . . . .

* * * *

## ITEM 4 – ASSIGNMENT OF INSURANCE BENEFITS TO PHYSICIAN

I hereby assign all my rights, title, and interest in and to the basic and major benefits specified herein, that would otherwise be payable to me, to my physician(s) (including, but not limited to, my anesthesiologist(s), radiologist(s), pathologist(s), and emergency room physician(s)) and any other health care professional(s) who are providing professional services to me hereunder. Furthermore, I authorize separate payments to be made directly to such physicians(s) and/or health care professional(s) if, and to the extent they agree to accept the assignment of insurance benefits . . . .

* * * *

## ITEM 7 – AUTHORIZATION TO RELEASE INFORMATION

I give the Hospital and my . . . Physicians permission to release my . . . medical information and/or billing records to any person, Social Security Administration, Insurance, or benefit payor, health care service plan, or Worker's Compensation carrier that is, or may be liable for all or a portion of the Hospital's or the Physician's charges . . . .

SLG filed a response to GEICO's motion for partial summary judgment and argued that "GEICO violated SLG's property rights when [it], despite knowing of SLG's assigned interest, paid [the hospital] without accounting for SLG's interest." GEICO was notified that SLG had a one-third property interest in Maldonado's personal injury damages, and a "personal injury claim includes claims for medical expenses incurred as a result of the injury." SLG argues that GEICO must pay it a one-third contingent-fee interest of the amount paid to the hospital because "[w]hen [a] tort-defendant ignores the assignment and property rights of [an] attorney, the attorney may proceed against the tort-defendant to recover the unpaid interest." Further, "[a] defendant that fails to respect the attorney's assigned interest must pay the fee portion to the attorney, even if that means paying twice." Therefore, SLG argued it was entitled to an amount equal to one-third of the payment of $7,677.30 made by GEICO to the hospital for settlement of Maldonado's outstanding medical bill.

SLG also filed a motion for partial summary-judgment, arguing that it was entitled to judgment as a matter of law that GEICO is liable to pay it an amount equal to one-third of the amount paid to the hospital related to Maldonado's outstanding medical bill because SLG "had a valid assigned interest in Maldonado's claim for medical expenses," "GEICO had proper notice of the assignment," and GEICO "disregarded SLG's interest when it pa[id] compensation

6

for Maldonado's medical expenses only to [the hospital] without accounting for SLG's interest." According to SLG, "GEICO's attempt to circumvent SLG's property right" was improper because it "deprive[d] SLG of compensation for the very work that secured the recovery of payment from GEICO to [the hospital] for Maldonado's benefit." Therefore, GEICO converted SLG's property interest by paying settlement funds directly to the hospital without any effort to protect or account for SLG's property rights.

SLG attached to its motion its Power of Attorney and Engagement Agreement with Maldonado. The majority of the document is redacted, but the unredacted portion provides, in part:

## 2. ATTORNEY'S FEES

2.01 In consideration of the services rendered and to be rendered to the Client by the Attorneys, Client does hereby assign, grant and convey to the Attorneys the following present undivided interests and **ownership interest** in the Client's Claims for and as a reasonable contingent fee for the Attorneys' services, which fees shall be calculated upon the Total Recovery (as hereinafter defined) as follows:

> 33 1/3%    if settled at any time BEFORE FILING SUIT (including the time allowed by any tolling agreement)[.]

The definition of "Total Recovery" does not appear in the unredacted portion of the agreement. SLG also attached: (1) a letter it sent to GEICO notifying GEICO that it had been "retained by written power of attorney coupled with an assignment

of interest to represent" Maldonado in her claims against GEICO's insured; (2) a letter from GEICO acknowledging receipt of SLG's notice of representation and assigned interest; (3) a settlement agreement, and release, between ClaimTECH, on behalf of GEICO, and the hospital for a settlement of Maldonado's outstanding medical bill in the amount of $12,795.50 for $7,677.30; and (4) a letter from GEICO to SLG with a settlement offer regarding "all claims arising out of the Bodily Injury claimed by" Maldonado and noting that "the hospital lien" related to Maldonado's outstanding medical bill "ha[d] already been paid, and as such has been offset from th[e] offer."

GEICO filed a response, incorporating by reference its own motion for partial summary judgment. It additionally argued that Maldonado had no right to recovery of funds paid to the hospital and, thus, as Maldonado's assignee, SLG could not assert a right to the funds paid to the hospital by GEICO if Maldonado could not do so herself. In other words, SLG's contingent-fee agreement with Maldonado "did not convey rights to [SLG] greater than what . . . Maldonado possessed . . . or at least greater than what she was entitled to assign."

After a hearing, the trial court granted SLG's partial-summary-judgment motion and denied GEICO' partial-summary-judgment motion. The trial court then severed SLG's claims for wrongful payment of assigned interest and conversion related to Maldonado and entered final judgment on those claims.

## Standard of Review

We review a trial court's decision to grant summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). To prevail on a summary-judgment motion, a movant has the burden of establishing that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). When the trial court grants one motion and denies the other, we review the summary-judgment evidence presented by both sides, determine all questions presented, and render the judgment that the trial court should have rendered. *Id.*; *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004).

## Contingent-Fee Agreement

In its sole issue, GEICO argues that the trial court erred in granting SLG summary judgment because SLG's contingent-fee agreement with Maldonado "does not give SLG a recoverable right to [the] proceeds which GEICO used to satisfy [the] hospital lien" related to Maldonado's outstanding medical bill. SLG argues that the trial court properly granted it summary judgment because a

"contingen[t-]fee agreement operates as an equitable assignment pro tanto that becomes an attorney's present property right when settlement or judgment occurs" and by not compensating SLG on the payment made to the hospital for Maldonado's past medical bills, "GEICO interfered with SLG's contingent[-]fee [agreement] as a matter of law." In other words, SLG argues that it had a pre-settlement interest in the funds paid to the hospital by GEICO to satisfy Maldonado's outstanding medical bill.

An attorney's right to recovery based on a contingent-fee agreement is "wholly derivative from those of [her] client." *Dow Chem. Co. v. Benton*, 357 S.W.2d 565, 567 (Tex. 1962). And, "when a lawyer has contracted for a contingent fee, the lawyer is entitled to receive the specified fee only when and *to the extent the client receives payment*." *Levine v. Bayne, Snell & Krause, Ltd.*, 40 S.W.3d 92, 94 (Tex. 2001). The Texas Supreme Court has held that an attorney is entitled to receive a contingent fee on her client's "net recovery" unless the contingent-fee agreement between the attorney and client provides otherwise. *See id.* at 94 (applying RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 35 (1998)). Net recovery means "net of any offset, such as recovery by an opposing party on a counterclaim." *Id.* at 94 (holding attorney's contingent-fee agreement did not allow for recovery of fee on the total value of client's recovery).

Generally, a "suit for attorney's fees is not *ordinarily* maintainable" by an attorney against [her] client's defendant "as a separate cause of action." *Honeycutt v. Billingsley*, 992 S.W.2d 570, 584 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). However, we have recognized an exception to this general principle where "the client has attempted to satisfy financially [her] legal claim without compensating the attorney for his efforts in the case." *Id.* (quoting *Dow Chem.*, 357 S.W.2d at 568). Under those circumstances, a defendant who has "notice" of an attorney's assigned contingent-fee interest and nevertheless satisfies its liability to plaintiff without including the attorney "is liable to the attorney, even if he ha[d] already paid the client." *Id.* Notably, such circumstances are not present in the instant case.

Here, it is undisputed by the parties that SLG was included in GEICO's payment to Maldonado in settlement of her personal-injury claims against its insured. Therefore, the exception allowing an attorney to maintain a separate cause of action against a defendant—in this case, GEICO—does not apply because SLG's client did not attempt to exclude SLG from her recovery from GEICO without compensating it for its efforts in her case. *See id.* Accordingly, the liability concept set forth in *Honeycutt* and relied upon by SLG in maintaining a separate cause of action against GEICO for its attorney's fees in this case is inapplicable. *See id.*

Further, whether SLG is entitled to a one-third contingent fee on Maldonado's gross recovery, as opposed to her net recovery, is governed by the terms of its contingent-fee agreement with Maldonado. *See Levine*, 40 S.W.3d at 96 (refusing to permit attorney's recovery of contingent-fee to be calculated from client's gross, as opposed to net, recovery where such calculation was not provided for in contingent-fee contract). However, even if SLG's contingent-fee agreement with Maldonado provided for a percentage of Maldonado's gross recovery,[2] this would be a matter to be resolved between the attorney and client. *Id.* (emphasizing lawyer's duty to client to "inform a client of the basis or rate of the fee at the outset of the matter" and explaining attorney "can simply provide for these situations ahead of time, making it clear in the agreement . . . ."). As we have explained, this case does not fall within the exception set forth in *Honeycutt* allowing an attorney to maintain a separate cause of action against a defendant for his attorney's fees. *See Honeycutt*, 992 S.W.2d at 584.

SLG provides this Court with no basis in the law, by contract or otherwise, as to why it is entitled to additional payment from GEICO based on the proceeds GEICO paid to the hospital related to Maldonado's outstanding medical bill. As Maldonado's assignee, SLG could not receive rights from her greater than those she possessed. *See, e.g.*, *Irrigation Ass'n v. First Nat'l Bank of Frisco*, 773 S.W.2d

---

[2]  The contingent-fee agreement provided in the record redacts the definition of the term "Total Recovery" from which the fee is to be computed.

12

346, 348 (Tex. App.—Dallas 1989, writ denied) (explaining "[i]t is axiomatic that an assignee walks in the shoes of his assignor" and has no greater right to recover than his or her assignor). And in this case, Maldonado executed an assignment of rights in connection with her treatment at the hospital, which "irrevocably assign[ed] and transfer[ed] to the [the hospital] all rights, title and interest in any benefits payable . . . against all Insurance companies . . . and/or persons or entities responsible . . . for the payment of benefits, services, or products provided by [the hospital] . . . and . . . appoint[s the hospital] as . . . attorney in fact, with the power of substitution to . . . obtain payment of benefits from Responsible Parties." As such, GEICO acted in accordance with this assignment, as an insurance company on behalf of its insured who was alleged to have caused the injuries to Maldonado, in resolving the hospital's claim against Maldonado for her outstanding medical bills. *See Dodds v. Bucknum*, 214 Cal. App. 2d 206, 212–13 (1963) (holding plaintiff's damages diminished if wrongdoer, or his insurance company on his behalf, pays plaintiff's hospital bills prior to trial); *see also* RESTATEMENT (SECOND) OF TORTS § 923, cmt. b (where "defendant's tort causes the plaintiff to be liable to a third person," defendant "can diminish his liability by paying the debt" because defendant is "acting for the protection, both of the injured person and of himself in making the payment").

Further, the Texas Supreme Court has refused, under similar circumstances, a claim by a plaintiff's attorney to be compensated from the corpus of a hospital lien. *See Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 309 (Tex. 1985). And here, as in *Bashara*, "[a]lthough the [hospital lien] statute does not specifically address the situation presented in this case, it is replete with language that the hospital recover the full amount of its lien, subject only to the right to question the reasonableness of the charges comprising the lien." *Id.* The hospital lien statute provides that "[t]he lien is for the amount of the hospital's charges for services provided to the injured individual . . . ." *Bashara*, 685 S.W.2d at 309; *see also* TEX. PROP. CODE ANN. § 55.004(b)(1). And significantly, a "release of a cause of action or judgment to which a lien under this chapter may attach is not valid unless" the hospital lien is paid in full or otherwise satisfied according to the terms of the statute. TEX. PROP. CODE ANN. § 55.007.

Based on the foregoing, we hold that SLG does not have a right to maintain a separate cause of action against GEICO for recovery of additional attorney's fees in this case. We also hold that the trial court erred in granting SLG's summary-judgment motion and in not granting GEICO's summary-judgment motion.

We sustain GEICO's sole issue.

14

## Conclusion

We reverse the summary judgment entered by the trial court in favor of SLG and render summary judgment in favor of GEICO on SLG's claims against GEICO for wrongful payment of assigned interest and conversion related to Maldonado.


Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.