**TEXAS FARMERS INSURANCE COMPANY, Appellant,**

v.

**Carla SEALS, Appellee.**

**No. 2–96–126–CV.**

Court of Appeals of Texas, Fort Worth.

July 3, 1997.

Vince Cruz, Jr., Cruz & Malanga, L.L.P., Fort Worth, for Appellant.

Adam R. Hardison, Law Offices of Adam R. Hardison, Arlington, for Appellee.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

**OPINION**

BRIGHAM, Justice.

This is an appeal from a summary judgment against appellant Texas Farmers Insurance Company (TFIC) awarding attorney's fees to appellee/cross-appellant Carla Seals in an amount equal to one-third of TFIC's subrogation interest in Seals's recovery against a third party on a personal injury claim. The issue we must decide is whether Seals is entitled to recover the attorney's fees from TFIC under the "common fund" doctrine. We hold that she is, and affirm the judgment of the trial court.

On or about May 31, 1991, Seals was injured in a motor vehicle collision with Toyofumi Noguchi, who was insured by Empire Fire and Marine Insurance Company. Seals was insured by TFIC. TFIC paid Seals $8,675.01 in medical benefits under the provisions of her automobile insurance policy. It is undisputed that TFIC had a valid subrogation interest for this amount.

Seals retained an attorney to pursue her claim against Noguchi and entered into a one-third contingency fee contract with the attorney. The attorney eventually negotiated a $34,500 settlement with Empire. Although TFIC knew of Seals's efforts to recover against Noguchi, TFIC did nothing to assist Seals in her efforts. TFIC advised Empire of its subrogation interest in Seals's claim, but made no attempt to recover its subrogation interest from Empire.

After settling with Empire, Seals attempted to settle TFIC's subrogation interest. When TFIC refused to settle, Seals tendered TFIC the full amount of its subrogation interest. Seals then pursued the underlying action for declaratory judgment against TFIC for reimbursement of its pro rata share of her attorney's fees. Upon considering Seals's and TFIC's competing motions for summary judgment, the trial court rendered judgment against TFIC for $2,891.67, which represents one-third of TFIC's undisputed subrogation interest.

In points of error one and two, TFIC contends that the trial court erred in granting Seals's motion for summary judgment and denying its motion for summary judgment because the "common fund" doctrine does not apply to the facts of this case as a matter of law. The question before us is whether an insurer who benefits from the efforts of an insured's attorney gives rise to an equitable obligation on the part of the insurer to pay its pro rata share of the attorney's fees. We conclude that it does.

 TFIC contends the question presented is one of first impression; however, Texas has long recognized that an insurer who does not aid in the collection of damages from a third party must pay its share of the attorney's fees and costs incurred by its insured. *See Camden Fire Ins. Ass'n. v. Missouri, K. & T. Ry.*, 175 S.W. 816, 821 (Tex. Civ.App.—Dallas 1915, no writ) (holding insured entitled to have expenses incurred by

him in the prosecution of his suit against third-party deducted from subrogation award); *Ortiz v. Great S. Fire & Cas. Ins. Co.*, 597 S.W.2d 342, 343 (Tex.1980) (explaining that determination of full compensation includes costs and expenses of collection); *Lancer Corp. v. Murillo*, 909 S.W.2d 122, 126 n. 3 (Tex.App.—San Antonio 1995, no writ) (recognizing Texas has allowed the award of attorney's fees under the "common fund" doctrine in insurance subrogation cases); *State Farm Mut. Auto. Ins. Co. v. Elkins*, 451 S.W.2d 528, 531 (Tex.Civ.App.—Tyler 1970, no writ) (acknowledging that where insurer has recovered against the insured, the pro rata cost and expenses incurred by insured in obtaining the money are borne by insurer). This principle is commonly referred to as the "common fund" doctrine and originates in equity, with the purpose of preventing unjust enrichment.[1] The common fund doctrine was formally adopted in Texas in *Knebel v. Capital Nat'l Bank in Austin*, 518 S.W.2d 795, 799 (Tex.1974), wherein the Texas Supreme Court stated that "one who preserves or protects a common fund works for others as well as for himself, and the others so benefited should bear their just share of the expenses, including a reasonable attorney's fee." *Id.* The court later alluded to this equitable doctrine in a subrogation setting in *Ortiz*. In that case, an insurer sought to satisfy its entire subrogation interest from the fund recovered by and at the expense of its insured. In its decision, the court quoted the long-standing rule of subrogation as set forth in *Camden* that "[an insured] should not be required to account for more than the surplus which remained in his hands after satisfying his own excess of loss in full *and his reasonable expenses incurred in its recovery*." *Ortiz*, 597 S.W.2d at 343 (quoting *Camden*, 175 S.W. at 821) (emphasis added). After considering the question of whether the insured had been fully compensated and thus whether a right to

---

1. The doctrine is an exception to the general rule that absent a statutory or contractual basis for an award of attorney's fees, each litigant must bear his own expenses. It allows recovery of reasonable attorney's fees to a party who, at his expense, has maintained a suit that creates a benefit to others as well as himself. *See Trustees v.*

*Greenough,* 105 U.S. 527, 532–37, 26 L.Ed. 1157 (1881). As noted in *Lancer,* Texas courts have applied the doctrine to various types of litigation including shareholder derivative suits, class action suits, and insurance subrogation suits. *See Lancer,* 909 S.W.2d at 126.

subrogation had arisen, the court stated in dicta that "when an insurer does not assist in the collection of damages from the third party tortfeasor, it must pay its share of the costs and expenses incurred in obtaining recovery from the third party, including attorney fees." *Id.* at 344 (citing *Elkins,* 451 S.W.2d at 531–32).

■ We find that the common fund doctrine is applicable to the facts in this case. Seals presented uncontroverted summary judgment evidence that she, at her expense, recovered a common settlement fund through which TFIC satisfied its subrogation interest. TFIC took no action to assist Seals with her efforts to recover this fund or to resolve its subrogation interest directly with Empire. Instead, TFIC relied on Seals to incur the expense necessary for its recovery. From the summary judgment record, we find that there was no genuine issue as to any material fact.[2] The trial court properly applied the principles of the common fund doctrine and did not abuse its discretion in apportioning the attorney's fees between Seals and TFIC.

TFIC argues that this case is controlled by *Bashara v. Baptist Mem'l Hosp. Sys.,* 685 S.W.2d 307 (Tex.1985). We find the application of *Bashara* inept. In *Bashara,* the court held that a plaintiff's attorney who obtains recovery on behalf of its client can not recover attorney's fees under the theory of quantum meruit or the common fund doctrine when the proceeds obtained through the attorney's efforts were used to discharge a hospital lien. *See id.* at 310–11; *see also* TEX. PROP.CODE ANN. § 55.002 (Vernon 1995). The court explained that the purpose of the hospital lien statute "is to provide hospitals an additional method of securing payment for medical services, thus encouraging the prompt and adequate treatment of accident victims." *Bashara,* 685 S.W.2d at 309. The court noted that "while not conclusive, the language and intent of the statute militate strongly against permitting recovery of a patient's attorney's fees from the corpus of the hospital lien." *Id.* When addressing ap-

pellant's common fund argument, the court expressly declined to expand the common fund doctrine to debtor-creditor relationships on the theory that the creditor's interest is not coequal with the debtor's claim to the settlement proceeds. This case does not involve a debtor-creditor situation or a quantum meruit claim. Moreover, it does not carry the same policy concerns attendant to hospital liens. Unlike the lien holder in *Bashara,* TFIC, as subrogor, "stands in the shoes" of Seals with respect to the subrogated amount, and its rights to the proceeds Seals recovered from Empire were equal to Seals's rights.

Points of error one and two are overruled.

■ In points of error three and four, TFIC claims the trial court abused its discretion by imposing judgment for attorney's fees because such award was "without common law or statutory authority." TFIC does not attack the propriety of the court's specific award nor does it challenge the evidence in support of the award of attorney's fees. Instead, TFIC merely raises additional arguments as to why the common fund doctrine does not apply to the facts of this case. We have held that the common fund doctrine does apply and are not bound nor persuaded by the authorities TFIC cites. Because TFIC has not briefed why the actual award was improper, we will not address that contention. *See* TEX.R.APP. P. 74(f).

Points of error three and four are overruled.

■ In a cross-point, Seals contends that the trial court erred in denying her claim for additional attorney's fees under section 37.009 of the Texas Uniform Declaratory Judgments Act. The recovery of attorney's fees under section 37.009 is discretionary with the court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 1997); *Estopar Holdings, Inc. v. Advanced Metallurgical Technology, Inc.,* 876 S.W.2d 205, 210 (Tex. App.—Fort Worth 1994, no writ). Seals has

---

2. The trial court, in its discretion, may grant summary judgment in an equitable action where the summary judgment evidence affirmatively shows that there is no genuine issue as to a material fact. *See* TEX.R.CIV.P. 166a(c); *Fleet-*

*wood v. Med Center Bank,* 786 S.W.2d 550, 556 (Tex.App.—Austin 1990, writ denied); *Elias v. Manis,* 292 S.W.2d 836 (Tex.Civ.App.—Beaumont 1956, writ ref'd).

offered no reason why the trial court abused its discretion in denying her claim for additional attorney's fees. The cross-point is overruled.

The judgment of the trial court is affirmed.