**Martiniano VALLE, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 04–98–00753–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 25, 1999.

Rehearing Overruled Oct. 5, 1999.

Richard J. Karam, Law Offices of Richard J. Karam, San Antonio, for Appellant.

Don E. Weiss, Stevens & Weiss, P.C., San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

### OPINION

Opinion by: PAUL W. GREEN, Justice.

Martiniano Valle sued his insurer, State Farm Mutual Automobile Insurance Company, to recover attorney's fees for the collection of State Farm's subrograted interest in an uncontested third-party claim. State Farm obtained summary judgment on the ground that Valle was not entitled to recover attorney's fees under the "common fund" doctrine. Finding no error, we affirm.

## Background

In September 1996, Valle was injured in an automobile collision, and he received $2,500 in medical payments from his own insurer, State Farm. When Valle settled his third-party case for $9,000, he asked State Farm to pay a portion of the attorney's fees from its subrogated interest. State Farm refused, and Valle sued under the common fund doctrine. The trial court granted State Farm's motion for summary judgment, essentially finding that the common fund doctrine did not apply.

As summary-judgment evidence, State Farm proffered the affidavit of Stephen Klenke, its claims adjuster. On October 7, 1996, Klenke sent a letter to Valle's attorney, Richard Karam, advising him that State Farm would pursue a subrogation claim against the third party. Klenke also sent a letter to Wendy Hartley, the third-party adjuster, that requested payment of the subrogated interest and indicated State Farm's intent to pursue its own claim:

> State Farm hereby places you on formal notice that it represents its own interest in advancing this claim and does not retain the services of an attorney who may represent our insured in a bodily injury claim to be asserted against you or your insured. This Company expressly disavows any authority apparent or otherwise, from such counsel to conduct negotiations on its behalf.

Finally, by letter dated March 12, 1997, State Farm sent Hartley the medical bills provided by Karam and again requested a check made payable to State Farm.

According to Hartley, she first learned about the case from Klenke, who called her on October 11, 1996. On October 30, she received a phone call from Karam, but they did not discuss liability. Because her insured was clearly liable, Hartley said she needed only medical bills and records. Hartley concluded, "Karam did nothing to further the interest of [State Farm] in this claim. Mr. Karam's actions in no way

compelled me to pay [State Farm's] claim for subrogation."

In rebuttal, Valle proffered Karam's affidavit. Karam acknowledged receiving Klenke's October 7 letter indicating State Farm would pursue its subrogation claim. But Karam noted that State Farm did not assist the negotiations, collect pertinent documents, or do anything "to further the interest of its subrogation claim." As evidence that State Farm relied on his efforts, Karam quoted the March 12 letter from State Farm to Hartley: "After your negotiations with Mr[.] Valle's attorney have concluded, please issue a separate draft payable to State Farm Insurance in this amount [$2,500]...."

## Discussion

Valle contends the trial court erred in granting State Farm's motion for summary judgment. We disagree.

To prevail on summary judgment, State Farm must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. See Tex.R. Civ. P. 166a(c); Nixon v. Mr. Property Management, Co., 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether a disputed fact issue precludes summary judgment, we take evidence favorable to Valle as true and indulge every reasonable inference in his favor. See Nixon, 690 S.W.2d at 548–49. In reviewing this summary judgment de novo, we must decide whether Valle, at his own expense, created a common fund that benefitted State Farm. See Knebel v. Capital Nat'l Bank, 518 S.W.2d 795, 799–801 (Tex.1974); Lancer Corp. v. Murillo, 909 S.W.2d 122, 126 (Tex.App.—San Antonio 1995, no writ).

Even when viewed in the light most favorable to Valle, the evidence shows that State Farm pursued its own interest and did not rely on the efforts of Valle. Because liability and the amount of State Farm's interest were uncontested, Valle's efforts did not create a fund that benefitted State Farm. Thus, as a matter of law, the common fund doctrine is not applicable

in this case. Accordingly, the trial court did not err in granting State Farm's motion for summary judgment.

## Conclusion

We affirm the trial court's judgment.