**ALLSTATE INSURANCE COMPANY,**
Appellant

v.

**Cathy EDMINSTER, Appellee.**

No. 05–05–01492–CV.

Court of Appeals of Texas,
Dallas.

Jan. 26, 2007.

Jacquelyn Chandler, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, for Appellant.

Stephen W. Shoultz, Law Offices of Stephen W. Shoultz, Dallas, for Appellee.

Before Justices MORRIS, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Cathy Edminster sued her automobile insurer, Allstate Insurance Company, to recover what she contended was its pro rata share of the attorney's fees incurred for the collection of Allstate's subrogation interest in a claim against a third party. Both parties filed motions for summary judgment. The trial court granted Edminster's motion and denied Allstate's motion. Because we conclude a material fact issue exists, we reverse and remand for further proceedings.

### BACKGROUND

On January 2, 2003, Edminster and her two children were injured when another driver rear-ended her automobile as she sat at a traffic light. The other driver's insurance company was represented by Custard Insurance Agency, Inc. (CIA). Edminster retained an attorney to pursue her claim against the other driver and entered into a contingency fee contract with her attorney. In October 2003, Allstate paid Edminster $3,760 in medical benefits under the provisions of her automobile insurance policy. Edminster subsequently settled the claim against the oth-

er driver for $12,075. CIA issued two checks on behalf of its insured: one for $8,315 and one for $3,760, the amount of Allstate's subrogation claim.

In February 2004, Edminster's attorney asked Allstate to reduce its subrogation lien by $1,286.85, or one-third of its subrogation claim, as Allstate's pro rata share of attorney's fees. Allstate refused, and Edminster filed this declaratory judgment action.[1] The parties filed competing motions for summary judgment. The trial court rendered judgment in favor of Edminster and against Allstate in the amount of $1,207.50 on her declaratory judgment action and also awarded her attorney's fees.[2]

## STANDARD OF REVIEW

The standard of review in summary judgment is well-established. TEX.R. CIV. P. 166(c); *W. Inv., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex.2005). When, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, we review both sides' summary judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000).

## DISCUSSION

■ In its second issue, Allstate contends the trial court erred by granting Edminster's motion for summary judgment, which asserted Allstate was equitably obligated to pay a portion of Edminster's attorney's fees under the common fund doctrine.

■ The common fund doctrine is an equitable doctrine that is designed to prevent unjust enrichment. *See Knebel v. Capital Nat'l Bank in Austin*, 518 S.W.2d 795, 799 (Tex.1974). It is founded on the principle that "one who preserves or protects a common fund works for others as well as for himself, and the others so benefited should bear their just share of the expenses, including a reasonable attorney's fee; and that the most equitable way of securing such contribution is to make such expenses a charge on the fund so protected or recovered." *Id.* (quoting *Brand v. Denson*, 81 S.W.2d 111, 112 (Tex.Civ.App. 1935, writ dism'd)).

Allstate argues it presented summary judgment evidence that conclusively established, or at least raised a fact issue about whether, it took steps to protect its own subrogation claim and does not owe Edminster any attorney's fees. *See Valle v. State Farm Mut. Auto. Ins. Co.*, 5 S.W.3d 745, 746 (Tex.App.-San Antonio 1999, pet. denied). On the other hand, Edminster argues that if it were not for her efforts, there would be no fund from which Allstate could seek to recover its subrogation claim, and that Allstate did nothing to contribute to or assist with the recovery against the third party.

She argues *Texas Farmers Insurance Co. v. Seals*, 948 S.W.2d 532 (Tex.App.-Fort Worth 1997, no writ), is controlling. However, *Seals* is distinguishable from the facts in this case. In that case, our sister court stated that the insurer "took no action to assist Seals with her efforts to recover this fund *or to resolve its subrogation interest directly with [the insurer]*." *Seals*, 948 S.W.2d at 534 (emphasis added). In contrast, the summary judgment evidence in this case showed Allstate did take

---

1. Edminster also alleged violations of the duty of good faith and fair dealing and of the insurance code.

2. The court based its judgment on Edminster's "common fund" claim. Edminster nonsuited the remaining claims.

some action to resolve its subrogation claim directly with CIA.

On July 24, 2003, Allstate notified CIA of its pending subrogation claim. The letter stated, in relevant part:

Allstate Indemnity Company places you on notice that it asserts its subrogation lien against your insured, RONNIE MAYS[,]INC, for payments Allstate Indemnity Company has already paid or will be called upon to pay its insured, CATHY EDMINSTER, under it[s] medical payments coverage.

Allstate Indemnity Company places you on formal notice of its subrogation claim and demands reimbursement from you and your tortfeasor, insured.

* * *

Since Allstate Indemnity Company intends to pursue and protect its own right, title and interest to its said subrogation lien, we therefore request that a separate draft be sent representing the amount of this Company's subrogation interests only and that this Company be named as the sole payee, as subrogee of the insured, on such draft when issued.

Allstate Indemnity Company has not authorized, hired, or retained its insured's attorney and expressly disavows any authority, apparent o[r] otherwise, for its insured's attorney to negotiate for any amount owed Allstate Indemnity Company on its medical payment subrogation lien. Our insured and his or her attorney has been expressly advised of our position in this matter.

On that same day, Allstate notified appellee's attorney that Allstate would independently pursue its own subrogation rights and asked the attorney not to undertake representation of Allstate in any way on its subrogation claim:

Please be advised Allstate Insurance Company is independently pursuing its subrogation rights arising out of payments made to or on behalf of your client(s) under our Medical Payments coverage. Please do not represent us concerning the recovery of these payments as we have already notified the other insurance carrier of our subrogation rights and interests.

Therefore, please do not engage in any negotiations whatsoever on our behalf nor recover or receive any monies on behalf of Allstate Insurance Company.

Additionally, on November 11, 2003, Allstate forwarded Edminster's medical bills to CIA to support its subrogation claim and asked CIA to send the payment of $3760 directly to Allstate. All of these actions were taken by Allstate prior to the date Edminster sent her demand for damages to CIA.[3]

In summary, Allstate notified CIA of its subrogation claim, stated it was pursuing the subrogation claim independently of any claim by Edminster, asked CIA to issue a separate check in the amount of the subrogation claim with Allstate as the sole payee, notified Edminster's attorney not to take any action to collect Allstate's subrogation claim, and submitted Edminster's medical bills to CIA to support its subrogation claim.

Based on this summary judgment evidence, we conclude Allstate raised a material fact issue about whether the common fund doctrine applies to this case. We further conclude the trial court erred by granting Edminster's motion for summary judgment.

---

**3.** Edminster's attorney had previously advised CIA that he represented her. His demand letter is dated November 21, 2003.

We sustain appellant's second issue. As a result, we do not need to reach appellant's remaining issues.

### CONCLUSION

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.